CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
djc@campbellandwilliams.com
J. COLBY WILLIAMS, ESQ. (5549)
jcw@campbellandwilliams.com
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

BROWNSTEIN HYATT FARBER SCHRECK, LLP
MAKAN DELRAHIM, ESQ. (*pro hac vice* to be filed)
mdelrahim@bhfs.com
2029 Century Park East, Suite 2100
Los Angeles, California 90067-3007
Telephone: (310) 500-4607
Facsimile: (310) 500-4602

*Attorneys for Plaintiff*
*Zuffa, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ZUFFA, LLC, a Nevada limited liability company, dba ULTIMATE FIGHTING CHAMPIONSHIP,<br><br>                    Plaintiff,<br><br>vs.<br><br>JUSTIN.TV, INC., a Delaware corporation dba JUSTIN.TV,<br><br>                    Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No.:<br><br><br><br><br>     **COMPLAINT** |

Plaintiff, through its attorneys of record, hereby complains and alleges against Defendant as follows:

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

## IDENTIFICATION OF THE PARTIES

1.      Plaintiff, ZUFFA, LLC ("Zuffa"), is a Nevada limited liability company with its principal place of business located in Clark County, Nevada.

2.      Defendant JUSTIN.TV, INC. ("Justin.tv") is a Delaware Corporation with its principal place of business in San Francisco County, California.  Its registered agent is Mr. Michael Siebel.

## JURISDICTION AND VENUE

3.      This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq.,* as well as for trademark infringement under the Lanham Act, 15 U.S.C. § 1111 *et seq.*, and corresponding state law.

4.      This Court has subject matter jurisdiction over Zuffa's claims for copyright infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  This Court has pendent jurisdiction over Zuffa's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over the parties in this action pursuant to 28 U.S.C. §§ 1391 and 1400 as a result of Defendant's wrongful acts in violation of Zuffa's rights as the owner of the copyrighted broadcasts and subject trademark logos.  Defendant's wrongful acts were purposefully directed at Zuffa which Defendant knew to be a resident of the forum state thereby vesting this Court with personal jurisdiction.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, *inter alia,* Zuffa is a Nevada limited liability company with its principal place of business located in Clark County, Nevada, and Defendant is subject to personal jurisdiction in the forum state.

. . . .

. . . .



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

2

### GENERAL BACKGROUND

**Zuffa and the Ultimate Fighting Championship®**

7.    Zuffa does business as the Ultimate Fighting Championship® ("UFC®") brand, a registered trademark.  Zuffa is a private company that is the leading promoter of Mixed Martial Arts ("MMA") contests or exhibitions in the world.

8.    MMA contests involve bouts between athletes skilled in the various disciplines of all martial arts including karate, jiu-jitsu, boxing, kick boxing, grappling, wrestling and other combat sports.

**History of the UFC®**

9.    The UFC® brand was first organized and operated by Semaphore Entertainment Group ("SEG").  The first UFC® event was held in 1993.  UFC® bouts take place in a trademarked eight-sided case known as the Octagon®.

10.    Concerns and complaints about the unregulated nature of the sport eventually led to MMA events being banned in many states and shunned by most television and cable television providers by the late 1990's.

**Zuffa's purchase of the UFC®**

11.    In early 2001, Zuffa purchased the UFC® brand and set about restructuring MMA into a highly organized and controlled combat sport.

12.    Since 2001, the UFC® has worked closely with regulatory bodies across North America encouraging the promulgation and adoption of safety regulations for the sport including the implementation of standard time and round limitations, weight classes, specifications for the fighting area, mandatory safety equipment, mandatory illicit drug



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

3

testing, specifications on gloves and apparel, standards for judging a contest, and a list of prohibited fouls.

13.     Due in large part to the active involvement and efforts of Zuffa and its principals, MMA events came to be sanctioned by the world's most prestigious sports regulatory bodies.

**Rise in popularity of the UFC® and MMA**

14.     Since the time Zuffa purchased the UFC® brand and implemented changes to the sport, the popularity of the UFC® in particular, and MMA as a whole, have soared.

15.     At the time Zuffa purchased the UFC® brand, its MMA events were drawing less than several thousand people per event.

16.     Presently, UFC® events regularly sell-out arenas across the country and draw as many as 20,000-plus fans to live events.

17.     In addition, UFC® events are now regularly shown on pay-per-view and cable television within the United States and around the world, and are also sold as DVD's through major retail distributors.

18.     The popularity of the UFC® brand and MMA in general have reached new heights as a result of (i) Zuffa's reality television program, The Ultimate Fighter®, which has aired twelve complete seasons on Spike TV, a cable television channel available to approximately 100 million homes in the United States, and (ii) Zuffa's recently released video game series, UFC Undisputed®.

**Method of disseminating UFC® events**

19.     Zuffa is the owner and distributor of its sports and entertainment programming and is further engaged in the business of producing and distributing, publicly performing



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

4

and/or publicly displaying its copyrighted materials, as defined in 17 U.S.C. § 101, through, among other methods, Pay-Per-View broadcasts of its events for its paying customers to display, view and use.   The Pay-Per-View broadcasts of Zuffa's events may be accessed through cable, satellite or fiber-enabled television as well as authorized Internet sites such as www.ufc.com.  Zuffa supports technological innovation and new business models to deliver its copyrighted content in the broadest method to its fans—including on wireless, mobile phones—and , thus, is constantly seeking to improve quality and meet demand for its popular programming.   Zuffa invests substantial money, time and effort in advertising, promoting, selling, and licensing its properties including the broadcasts of its events.

20.     Zuffa owns the copyrights and/or exclusive rights in and to broadcasts of the events described herein including, for example, the copyrighted broadcast "UFC 121 Lesnar v. Velasquez" ("UFC 121" or the "Copyrighted Broadcast").   In addition to common law copyrights it owns, Zuffa has properly filed with the United States Copyright Office for certificates of copyright registration in the events described above, including for the Copyrighted Broadcast.   As the owner of copyrights in its broadcasts, including the Copyrighted Broadcast, Zuffa possesses the distinct, severable, and exclusive rights to, among other things, exhibit, reproduce, distribute, publicly perform, publicly display, and disseminate the copyrighted broadcasts.

21.     Additionally, Zuffa owns and uses the trademark displayed on and/or with its copyrighted materials, including on and/or with the Copyrighted Broadcast at issue herein. Zuffa's trademark logo is exhibited and plainly and clearly displayed on and/or with any of its copyrighted broadcasts, including the Copyrighted Broadcast at issue herein, wherever the copyrighted broadcasts are or may be exhibited.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

**The operation of Justin.tv**

22.   Justin.tv is a for-profit commercial website that provides a video management platform consisting of web sites, services, software applications and networks that allow for and facilitate the streaming, distribution, retransmission, reproduction and display of video content over the internet by its users and subscribers.

23.   Justin.tv's website advertises itself as a "video management and streaming platform" which enables its members to "broadcast" through Justin.tv or create his or her own channel through which to broadcast.   Additionally, Justin.tv encourages and/or induces broadcast-to-viewer and viewer-to-viewer interaction about the streaming content through the chat boxes that accompany each channel.

24.   Justin.tv offers free accounts to its website and online services to anyone around the world.   Once a member creates an account, that member may communicate, through the website, with his or her broadcast viewers. By employing the website's technology and services, Justin.tv's members are able to upload, display, retransmit, distribute, copy, adapt, share, use, exhibit and/or disseminate live programming.   Justin.tv is able to, and does, insert advertising to members and users of the website.   Further, Justin.tv is able to attract, and attracts, advertisers with the promise of access to their advertisements by the users of and/or visitors to the website.

25.   Any user of Justin.tv has the ability to access any broadcast programming even though the user may not be a member or subscriber to the website's services.   On demand, users of Justin.tv may access broadcasts, which are available by means of a "streaming" transmission. Additionally, users are able to access "live streaming" broadcasts as they occur in real time.

26.   In addition to the foregoing, Justin.tv:

(a)   Has provided a step-by-step instructional guide to its members and users



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

6

explaining "how to" and/or access broadcast video sources beyond the users' or members' basic webcam or camcorder, including video from game consoles, TV sets, and other video components, inducing copyright infringement by its members and users. A true and correct copy of the Justin.tv "how to" guide is attached hereto as Exhibit 1.

(b)   Allows, encourages and induces members and users to upload and/or post favorite videos on various "social networking" pages, including, but not limited to, Myspace, Facebook and Twitter;

(c)   Provides members and users with a searchable database of uploaded content based on the category of the programming. For example, there is a category entitled "Sports" wherein MMA events are regularly streamed by members of Justin.tv;

(d)   Provides members and users with computer code that enables videos to be "embedded" in, or linked to, any other Internet web page, and, thus, to be "virally" distributed over the Internet;

(e)   Provides members and users with the ability to comment on videos and/or other content uploaded by other members;

(f)   Enables members and users to distribute videos by e-mailing links;

(g)   Enables and encourages users to add broadcasters to a list of "followed" broadcasters and broadcasts;

27.   Justin.tv has not obtained Zuffa's authorization to stream, display, perform, retransmit, copy or distribute over the Internet any of Zuffa's copyrighted content.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

7

28.     Upon information and belief, Defendant directly profits from the foregoing activities by "embedding" or pairing the sites with video and other advertisements.  Typically, Justin.tv's users must view these video advertisements before the live broadcasts can begin. Additional "banner" advertisements are found above and/or below the screen from which the broadcast is played.  A viewer may scroll his mouse over, or click on, the advertisement to reveal further information or display the advertisement in its entirety.

29.     Upon information and belief, Justin.tv plans to expand its streaming services to make it a ubiquitous product or service to users of any Internet-enable mobile device or telephone in the world.

30.     Justin.tv has the right and ability to control the activities of its website's members and the content made available on the website.  Justin.tv and its members and users are bound by "Terms of Service," which, among other things, contains the following provision regarding copyright infringement:

> Please note that since we respect artist and content owner rights, it is Justin.tv's policy to respond to notices of alleged infringement that comply with the Digital Millennium Copyright Act...Please note that Justin.tv will promptly terminate without notice any User's access to the Justin.tv Service if that User is determined by Justin.tv to be a "repeat infringer."  A repeat infringer is a User who has been notified by Justin.tv of infringing activity violations more than twice and/or who has had their Lifecaster Content or any other user-submitted materials removed from the Justin.tv Service more than twice.  In addition, Justin.tv accommodates and does not interfere with standard technical measures used by copyright owners to protect their materials.

**Zuffa's prior relationship with Justin.tv**

31.     Since its inception, Justin.tv's members and users have employed the website and its technology as a platform to illegally distribute, stream, perform, copy or broadcast UFC® live events in violation of Zuffa's registered copyrights and trademarks.  These illegal and infringing streams are regularly viewed by thousands of members and users of Justin.tv,

8

which results in a substantial loss of revenue to Zuffa. Justin.tv's inducement and/or use of this content directly competes with uses that Zuffa has authorized and for which Zuffa receives valuable consideration. Defendant's infringing uses of Zuffa's content impairs Zuffa's ability to fully exploit its copyrighted works.

32.  Justin.tv is essentially non-responsive to notice of illegal and infringing activity on its website as it relates to the UFC® live events and archived copyrighted content. Indeed, Justin.tv regularly fails to adequately respond to Zuffa's notices of infringing activity in an expeditious manner. Justin.tv purports to lack the capacity to remove the infringing streams of the UFC® live events prior to the conclusion of the live event in question. Justin.tv's lackluster response to Zuffa's lawful notices of copyright infringement renders such notice a futile act.

33.  Due to Justin.tv's inability and refusal to comply with the applicable copyright and trademark laws, Justin.tv provided Zuffa with a self-help "takedown tool" which purports to remove illegal and infringing streams from the website. This "takedown tool" requires Zuffa to provide Justin.tv with specific information regarding the infringing feed before it can be removed. The information is designed to comply with the notice provisions in 17 U.S.C. § 512(c)(3).

34.  In order to minimize the theft of its copyrighted and trademarked material, Zuffa employs a team of in-house technicians dedicated to monitoring Justin.tv and utilizing the "takedown tool." Zuffa also employs third-party contractors to help perform the same task. Zuffa bears the costs of these efforts to police Justin.tv's website and prevent copyright and trademark infringement.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

9

35.     Zuffa's efforts to combat the illegal streaming of its live events are often unsuccessful because the "takedown tool" does not always function correctly.     Zuffa is routinely forced to send Justin.tv multiple notices via the "takedown tool" before the illegal and infringing feed is removed from the website.  With live sporting events such as Zuffa's, even if pirated streams are identified and taken down within 15 minutes, the viewer has already extracted much of the value from Zuffa's copyrighted works because they are, by nature, perishable goods.  Justin.tv's users, moreover, will simply switch to a different pirated stream upon the removal of the original one they were viewing.

36.     Based on information, belief and data collected by the third-party contractors, Justin.tv's platform is consistently home to the greatest number of illegal broadcasts of UFC® live events.  Indeed, excluding feeds which are removed by Zuffa itself, the third-party contractors employed by Zuffa regularly remove hundreds of infringing streams from Justin.tv during each UFC® live event.  In terms of pure volume of copyright and trademark infringement during UFC® live events, Justin.tv is easily the most offensive website of its kind.

37.     In contrast, many other websites which provide similar video management and streaming platforms have increased efforts to reduce the theft of UFC® live events.  For example, Ustream, a competitor of Justin.tv, has taken efforts to reduce the number of infringing feeds of recent UFC® live events to minimal levels.  Ustream lessened the once-rampant copyright and trademark infringement through increased efforts to discourage piracy and to actively police the content posted on its website by users and members.

38.     Ustream provides the following protections against online piracy: 1) prominent warning in the registration path; 2) prominent warning in path to live broadcast; 3) explicit

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

warning in the terms of use; 4) prominent display of zero tolerance policy; 5) utilizing Vobile for "live" takedown; 6) online DMCA takedown tool; 7) algorithmic solution disabling potential copyright infringement; 8) employees monitoring site and taking down unauthorized broadcasts of copyrighted material; 9) utilizing Nielson Watermark fingerprinting technology; 10) employing a dedicated Product Manager focused on anti-piracy initiatives; and 11) key word notification tool.

39.    By contrast, Justin.tv refuses to engage in the same or similar efforts taken by Ustream to protect copyrighted material, and continues to induce and encourage its users to engage in massive copyright infringement.

40.    Zuffa has attempted to work on numerous occasions with Justin.tv to encourage it to prevent or limit its infringing activities.   Zuffa had hoped to persuade Defendant to stop its unlawful conduct without burdening the courts or itself with unnecessary litigation. However, its efforts to achieve this for nearly two years have not resulted in any satisfactory changes.

41.    Justin.tv has essentially shifted the burden of removing illegal and infringing broadcasts to Zuffa.  Further, despite Zuffa's extensive efforts to prevent piracy on Justin.tv, the illegal streaming of UFC® live copyrighted events is widespread and readily available to Defendant's users, members, and subscribers.  To date, Justin.tv has taken no significant or effective action to remedy this flagrant violation of Zuffa's copyright and trademark laws.  In short, Justin.tv has created and sanctioned an atmosphere that supports, promotes and induces the willful piracy of copyrighted material, including UFC® live sporting events.

. . . .

. . . .

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

**An example of Justin.tv's infringing activities**

42.     As referenced above, Zuffa held the live event entitled UFC 121 on October 23, 2010.  The televised or PPV portion of UFC 121 began at approximately 7:00 p.m. PST and ended at 10:00 p.m. PST.  UFC 121 took place at the Honda Center in Anaheim, California and featured the heavyweight title bout between Brock Lesnar and Cain Velasquez.  UFC 121 also featured numerous undercard bouts which included such well-known fighters as Jake Shields, Diego Sanchez, and Tito Ortiz.

43.     UFC 121 was only officially distributed as a Pay-Per-View broadcast via cable television, satellite and approved Internet websites such as www.ufc.com.  The suggested retail price to order and view the Copyrighted Broadcast in standard definition was $44.95. UFC 121 could only be legally distributed, publicly performed, publicly displayed, and viewed through the foregoing types of media in accordance with Zuffa's registered copyrights and trademarks.

44.     On October 19, 2010, Zuffa, through its authorized agent, provided Justin.tv with written notice that the latter's users, customers, or subscribers would be illegally streaming or offering to stream UFC 121.  *See* Exhibit 2, Notice of Copyright Infringement. The letter also directed Justin.tv to take immediate action to prevent its users, customers, or subscribers from streaming or offering to stream UFC 121.  The Notice of Copyright Infringement fully complied with the provisions of 17 U.S.C. § 512(c)(3).

45.     Justin.tv did not respond to the Notice of Copyright Infringement in any meaningful manner.  Justin.tv neither acknowledged the existence of widespread copyright and trademark infringement nor did it commit to taking any action to prevent its users from engaging in such illegal activity.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

12

46.    Despite Zuffa's unequivocal Notice of Copyright Infringement, Justin.tv did not take any action to prevent or reduce the blatant copyright and trademark infringement of UFC 121.  Based on data collected by third-party contractors, Justin.tv allowed more than 50,000 viewers to watch illegal streams of UFC 121 in direct violation of copyright and trademark law.  The third-party contractors also removed over 200 infringing feeds from Justin.tv during UFC 121 which actually represented an increase in volume when compared to previous live events.  The foregoing statistics do not even include the infringing streams removed by Zuffa itself.  As such, Justin.tv clearly failed to comply with its duties under 17 U.S.C. § 512.

47.    Justin.tv knows or has reason to know, or acts in reckless disregard for the fact, that Zuffa's copyrighted broadcasts, including the Copyrighted Broadcast noted as an example herein, are among the live streaming broadcasts for which it (i) provides a platform to its members, (ii) induces them without authorization to, among other acts, upload, display, copy, perform, adapt, share, use, exhibit and/or disseminate, and/or (ii) makes available for its users to download, copy, view, adapt, share, use, exhibit and/or disseminate.  Justin.tv knows that the broadcast of these copyrighted events is wholly unauthorized.  Further, Justin.tv is equally aware that the display and/or use of Zuffa's Trademark logo is unauthorized.

48.    The illegal broadcasts of UFC 121 were readily identifiable as Zuffa's copyrighted broadcast because, among other reasons, the title was used as the title of the video broadcast and/or the video broadcast was designated with "keywords" that specifically reference the name of the fighters.

49.    Through text displayed on the site, Justin.tv encourages its members to set up accounts because as it describes it, it is "the easiest way to create live video and show anyone in the world what is happening right now," thereby facilitating, participating in and inducing its

13

members and users to engage in the unauthorized downloading and/or uploading, displaying, copying, viewing, adaptation, sharing, use, exhibition and/or dissemination of Zuffa's copyrighted broadcasts including UFC 121.

50.    Moreover, while Justin.tv has the right, ability and legal obligation to prevent infringement of Zuffa's copyrighted broadcasts such as UFC 121, and to supervise and control the content of the copyrighted broadcasts for which it provides a platform, it induces, and/or knowingly or with reckless disregard allows rampant infringement to go unchecked, content to profit handsomely from advertisements that appear above, below and/or side-by-side with infringing content, and from the draw created by dissemination of Zuffa's copyrighted broadcasts.

51.    Defendants do not have, and have never had, any license, authorization, permission, and/or consent to use Zuffa's copyrighted broadcasts, trademark logo or name in any manner whatsoever.    Likewise, Zuffa never authorized the use of its copyrighted broadcasts in any form, including, but not limited to, its downloading, uploading, copying, viewing, adaptation, sharing, display, use, exhibition by, and/or dissemination to Justin.tv members and/or users.

52.    Justin.tv's direct financial benefits are in the form of revenue from various forms of advertising.    This includes the advertising that is inserted into broadcasts displayed by users of the website, as well as the "banner" advertising on channels containing broadcasts such as those exhibiting Zuffa's copyrighted broadcasts like UFC 121.    Justin.tv further benefits financially from the overall increase in user traffic and commercial value of its business and property arising from the "draw" of the free availability of Zuffa's copyrighted broadcasts on its website.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

14

53.     Justin.tv knowingly distributed and exploited, and knowingly and materially contributed to and/or induced and/or caused unauthorized reproductions, distributions and/or exploitation of Zuffa's copyrighted broadcasts, including but not limited to UFC 121, in spite of Zuffa's unequivocal written notices, including that sent on October 19, 2010.     Justin.tv, moreover, simultaneously engaged in the unlawful exhibition of Zuffa's trademark logo. Defendant's acts and/or omissions in failing to disable access to the illegal broadcasts of Zuffa's copyrighted events, including UFC 121, and Zuffa's trademark logo pursuant to Zuffa's prior written notices, caused Zuffa to suffer injury including, but not limited to, monetary loss.

## FIRST CAUSE OF ACTION

### (Copyright Infringement)

54.     Zuffa incorporates by reference paragraphs 1 – 53 as if set forth herein.

55.     Zuffa is the legal or beneficial owner of the copyrights in numerous programs and broadcasts that have been, or will be, exhibited by pay-per-view on multiple platforms and media outlets, including by Internet streaming and cable television broadcast.   Each of these programs or broadcasts of Zuffa's mixed martial events is an original audiovisual work that has been or will be fixed in a tangible medium of expression and constitutes copyrightable subject matter within the meaning of Section 102 of the Copyright Act, 17 U.S.C. § 102.   Each such program has been or will be registered with the U.S. Copyright Office or is the subject of an application for registration filed with the Copyright Office.   True and correct examples of the copyright registration certificates or other documentation demonstrating compliance with Sections 408(f) and 411 of the Copyright Act, 17 U.S.C. § 408 (f) & 411, and implementing Copyright Office regulations, corresponding to the representative Copyrighted Broadcast, are attached hereto as aggregate Exhibit 3.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

56.   Under Section 106 of the Copyright Act, 17 U.S.C. § 106, Zuffa owns the exclusive rights, among others, to reproduce, distribute, publicly perform, publicly display and to make derivative works based upon, their copyrighted works and broadcasts.   Moreover, under the same section of the Copyright Act, Zuffa also owns the exclusive rights to authorize others to exercise the rights set forth in this paragraph.

57.   Neither Zuffa, nor any other person authorized by Zuffa, has granted any license, permission or authorization to Defendant to exercise any of the rights set forth in paragraph 56, or to authorize any of the users of Defendant's service or products to exercise such rights with respect to works in which Zuffa owns copyrights.

58.   By offering its service, Defendant has exercised and will exercise one or more of Zuffa's exclusive rights set forth above respecting Zuffa's copyrighted works.   Moreover, as such, Defendant has infringed and will be infringing Zuffa's copyrighted broadcasts, including but not limited to UFC 121, by uploading, streaming, publicly displaying, publicly performing, copying, adapting, sharing, using, reproducing, exhibiting and/or disseminating, and/or making available for its users to download, display, stream, copy, perform, view, adapt, share, use, reproduce, exhibit and/or disseminate Zuffa's Copyrighted Broadcast without authorization, and with the knowledge that they were not authorized to do so, in violation of the Copyright Act, 17 U.S.C. § 101, et seq.

59.   Each such infringement by Defendant of Zuffa's copyrighted broadcasts constitutes a separate and distinct act of infringement.

60.   Defendant's acts of infringement were willful, in disregard of and with indifference to Zuffa's rights, and in most instances were performed after written notice.

61.   As a direct and proximate result of Defendant's infringement of Zuffa's



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

16

copyrights and exclusive rights under copyright, Zuffa is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504. Alternatively, at Zuffa's election, pursuant to 17 U.S.C. § 504, Zuffa shall be entitled to its actual damages plus Defendant's profits from infringement, as will be proven at trial.

62. Zuffa is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

63. As a result of Defendant's acts and conduct, Zuffa has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.

64. Unless restrained by the Court, pursuant to 17 U.S.C. § 502, among other equitable powers of the Court, Defendant will continue to engage in the willful copyright infringement.

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement)

65. Zuffa incorporates by reference paragraphs 1 – 64 as if set forth herein.

66. Defendant's activities, and those of Defendant's website members and users, constitute infringements of Zuffa's copyrighted broadcasts, including Zuffa's exclusive rights of reproduction, distribution, public performance, public display and exploitation by means of a digital audiovisual transmission, pursuant to 17 U.S.C. §§ 102(a)(6), 106(4) and 501.

67. Defendant is liable as a contributory copyright infringer for the infringing acts of Justin.tv's members and users. Through the creation, maintenance and operation of its unauthorized Internet streaming service and products, Defendant enables, induces, facilitates, and materially contributes to each act of infringement by Justin.tv members and users.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

68.     Defendant has actual and constructive knowledge that Justin.tv members and users are employing the Justin.tv website to copy, distribute, publicly perform, and publicly display Zuffa's copyrighted broadcasts, which are well known and recognizable.   Even a cursory review of the Justin.tv website during Zuffa's live events reveals numerous infringing streams of Zuffa's copyrighted broadcasts.

69.     Acting with this actual and constructive knowledge, Defendant enables, induces, facilitates, and materially contributes to Justin.tv members' and users' copyright infringement, which could not occur without Defendant's enablement.

70.     Each such infringement of Zuffa's copyrighted broadcasts by Defendant's members and/or users, contributed to by Defendant, constitutes a separate and distinct act of infringement.

71.     Defendant's acts of infringement were willful, intentional, and purposeful, in disregard of and with indifference to Zuffa's rights.

72.     As a direct and proximate result of Defendant's infringement of Zuffa's copyrights and exclusive rights under copyright, Zuffa is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504.  Alternatively, at Zuffa's election, pursuant to 17 U.S.C. § 504, Zuffa shall be entitled to its actual damages plus Defendant's profits from infringement, as will be proven at trial.

73.     Zuffa is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

74.     As a result of Defendant's acts and conduct, Zuffa has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

75.    Unless restrained by the Court, pursuant to 17 U.S.C. § 502, among other equitable powers of the Court, Defendant will continue to engage in the willful copyright infringement.

### THIRD CAUSE OF ACTION

### (Vicarious Copyright Infringement)

76.    Zuffa incorporates by reference paragraphs 1 – 75 as if set forth herein.

77.    Defendant's activities, and those of Defendant's website members and users, constitute infringements of Zuffa's copyrighted broadcasts, including Zuffa's exclusive rights of reproduction, distribution, public performance, public display and exploitation by means of a digital audiovisual transmission, pursuant to 17 U.S.C. §§ 102(a)(6), 106(4) and 501.

78.    Defendant is vicariously liable for the infringing act of Justin.tv's members and users.  Defendant possesses the right and ability to supervise and control the infringing conduct of its members and users, and to prevent them from infringing Zuffa's copyrighted broadcasts.  Defendant, however, has refused to exercise such supervision and control to the extent required by law or to mitigate the damages its systems have caused.  As a direct and proximate result of such refusal, Defendant's members and users have infringed Zuffa's copyrights by reproducing, publicly performing, publicly displaying, distributing, and/or exploiting the same.

79.    Defendant derives a significant and direct financial benefit from these acts of infringement including, but not limited to, financial benefit from advertising revenue, increased user traffic, and raised value of Defendant's businesses arising from the "draw" of the infringing copyrighted broadcasts.

80.    Each such infringement of Zuffa's copyrighted broadcasts by Defendant's

19



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

members and users, for which Defendant is vicariously liable, constitutes a separate and distinct act of infringement.

81.     Defendant's acts of infringement were willful, intentional, purposeful and in disregard of and with indifference to Zuffa's rights.

82.     As a direct and proximate result of Defendant's infringement of Zuffa's copyrights and exclusive rights under copyright, Zuffa is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504.  Alternatively, at Zuffa's election, pursuant to 17 U.S.C. § 504, Zuffa shall be entitled to its actual damages plus Defendant's profits from infringement, as will be proven at trial.

83.     Zuffa is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

84.     As a result of Defendant's acts and conduct, Zuffa has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.

85.     Unless restrained by the Court, pursuant to 17 U.S.C. § 502, among other equitable powers of the Court, Defendant will continue to engage in the willful copyright infringement.

### FOURTH CAUSE OF ACTION

### (Inducement of Copyright Infringement)

86.     Zuffa incorporates by reference paragraphs 1 – 85 as if set forth herein.

87.     Justin.tv members and users have infringed and are infringing Zuffa's rights in its copyrighted broadcasts by uploading and downloading infringing streams of Zuffa's live events onto and from Justin.tv's website and publicly performing or displaying or purporting



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

to authorize the public performance or display of such infringing broadcast channels, all without authorization. Justin.tv members and users are, thus, directly infringing Zuffa's exclusive rights of reproduction, distribution, public performance, and public display under 17 U.S.C. §§ 106 and 501.

88.     Defendant is liable under the Copyright Act for inducing the infringing acts of Justin.tv members and users. Justin.tv operates the Justin.tv website service with the object of promoting its use to infringe Zuffa's copyrights and, by its clear expression and other affirmative steps, Defendant is unlawfully fostering or inducing copyright infringement by Justin.tv members and users. Such affirmative steps include, but are not limited to, instructing Justin.tv members and users "how to" download video content from sources other than their webcams and camcorders, including from "TV" analog outputs, which is one of the main ways Zuffa's content is illegally streamed onto the Justin.tv service.

89.     Defendant has the knowledge that Zuffa's live events are copyrighted and authorized for purchase through various outlets, including lawfully authorized digital download services. Defendant is equally aware that Justin.tv members and users are employing the Justin.tv website and the services provided through that website to unlawfully reproduce, distribute, publicly perform and publicly display Zuffa's copyrighted broadcasts. Defendant intends, encourages, and induces Justin.tv members and users to employ the Justin.tv website in this manner.

90.     Notwithstanding its ability to do so, Defendant fails to filter out infringing uses as its successful business plan depends on a high volume of infringement.

91.     Each inducement of infringement of Zuffa's copyrighted broadcasts by Defendant constitutes a separate and distinct act of infringement.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

92. Defendant's acts of inducement of infringement were willful, intentional, purposeful, and in disregard of and with indifference to Zuffa's rights.

93. As a direct and proximate result of Defendant's infringement of Zuffa's copyrights and exclusive rights under copyright, Zuffa is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504. Alternatively, at Zuffa's election, pursuant to 17 U.S.C. § 504, Zuffa shall be entitled to its actual damages plus Defendant's profits from infringement, as will be proven at trial.

94. Zuffa is entitled to its costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

95. As a result of Defendant's acts and conduct, Zuffa has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.

96. Unless restrained by the Court, pursuant to 17 U.S.C. § 502, among other equitable powers of the Court, Defendant will continue to engage in the willful copyright infringement.

## FIFTH CAUSE OF ACTION

### (Trademark Infringement under the Lanham Act - 15 U.S.C. § 1114)

97. Zuffa incorporates by reference paragraphs 1 – 96 as if set forth herein.

98. Defendant has used in commerce the words UFC®, the Ultimate Fighting Championship®, and Zuffa®, which are trademarks belonging to Zuffa (the "Zuffa Marks").

99. The Zuffa Marks are owned by Zuffa and registered on the principal Register of the United States Patent and Trademark Office. A true and correct schedule identifying Zuffa's registered trademarks is attached hereto as Exhibit 4. These federal trademark registrations



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

have not been abandoned, canceled or revoked.

100.   Defendant's use of the Zuffa Marks by displaying them on the Justin.tv website during the unlawful streaming of Zuffa's live events constitutes a reproduction, copying, counterfeiting, and colorful imitation of Zuffa's trademarks in a manner that is likely to cause confusion or mistake or is likely to deceive consumers.

101.   By using and displaying the Zuffa Marks with the knowledge that Zuffa owns, uses, and continues to use its trademarks across the United States and around the world, Defendant has intended to cause confusion, cause mistake, or deceive consumers by, *inter alia*, leading them to believe that they were viewing lawful broadcasts of Zuffa's live events.

102.   Defendant is using marks that are the same as the Zuffa Marks in connection with the sale, offering for sale, or advertising of product and services in a manner that is likely to cause confusion or mistake, or to deceive consumers as to an affiliation, connection, or association with Zuffa and/or the UFC®, or as to the origin, sponsorship, or approval of Defendant's product or commercial activity by Zuffa.

103.   Defendant's use of the Zuffa Marks has created a likelihood of confusion among consumers who may falsely believe that the unlawful streams of Zuffa's live events on Justin.tv are associated with Zuffa and/or the UFC® or that Zuffa and/or the UFC® sponsor or approve of Defendant's services and commercial activities.

104.   Zuffa is informed and believes, and thereupon alleges, that Defendant's use of the Zuffa Marks was intentionally and willfully done with the knowledge that Zuffa owns and has used, and continues to use, its trademarks.

105.   As a direct and proximate result of Defendant's infringement, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

23

and goodwill.

## SIXTH CAUSE OF ACTION

### (Common Law Trademark Infringement)

106.   Zuffa incorporates by reference paragraphs 1 – 105 as if set forth herein.

107.   By virtue of having used and continuing to use the Zuffa Marks, Zuffa has acquired common law trademark rights in the Zuffa Marks.

108.   Defendant's use of a mark(s) that is the same and/or confusingly similar to the Zuffa Marks infringes Zuffa's common law rights therein and is likely to cause confusion, mistake or deception among consumers, who will believe that the infringing streams of Zuffa's live events found on the Justin.tv website originate from, are affiliated with, or are endorsed by Zuffa when, in fact, they is not.

109.   As a direct and proximate result of Defendant's infringement of Zuffa's common law trademark rights under Nevada and other common law, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

## SEVENTH CAUSE OF ACTION

### (Contributory Trademark Infringement)

110.   Zuffa incorporates by reference paragraphs 1 – 109 as if set forth herein.

111.   Defendant intentionally induced its members and users to reproduce, counterfeit, copy and/or colorably imitate  Zuffa's marks and logos by, *inter alia*, instructing Justin.tv members and users "how to" download video content from sources other than their webcams and camcorders.  Defendant also continued to supply its products and services to its members and users despite  knowing, or having reason to know, that its members and users were

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

reproducing, counterfeiting, copying and/or colorably imitating Zuffa's Marks through their illegal streaming of Zuffa's live events.

112.   Defendant's contributory infringement of the Zuffa Marks has created a likelihood of confusion among consumers who may falsely believe that the unlawful streams of Zuffa's live events on Justin.tv are associated with Zuffa and/or the UFC® or that Zuffa and/or the UFC® sponsor or approve of Defendant's services and commercial activities.

113.   Zuffa is informed and believes, and thereupon alleges, that Defendant's contributory infringement of the Zuffa Marks was intentionally and willfully done with the knowledge that Zuffa owns and has used, and continues to use, its trademarks.

114.   As a direct and proximate result of Defendant's contributory infringement, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

## EIGHTH CAUSE OF ACTION

### (Vicarious Trademark Infringement)

115.   Zuffa incorporates by reference paragraphs 1 – 114 as if set forth herein.

116.   Defendant's activities, and those of Defendant's website members and users, constitute infringements of the Zuffa Marks.

117.   Defendant is vicariously liable for the infringing act of Justin.tv's members and users.  Defendant possesses the right and ability to supervise and control the infringing conduct of its members and users, and to prevent them from infringing Zuffa's marks and logos.  Defendant, however, has refused to exercise such supervision and control to the extent required by law or to mitigate the damages its systems have caused.  As a direct and proximate result of such refusal, Defendant's members and users have infringed the Zuffa's



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

25

Marks by reproducing, counterfeiting, copying and/or colorably imitating Zuffa's Marks through their illegal streaming of Zuffa's live events on the Justin.tv website. Defendant's vicarious infringement of the Zuffa Marks has created a likelihood of confusion among consumers who may falsely believe that the unlawful streams of Zuffa's live events on Justin.tv are associated with Zuffa and/or the UFC® or that Zuffa and/or the UFC® sponsor or approve of Defendant's services and commercial activities.

118.   Zuffa is informed and believes, and thereupon alleges, that Defendant's vicarious infringement of the Zuffa Marks was intentionally and willfully done with the knowledge that Zuffa owns and has used, and continues to use, its trademarks.

119.   As a direct and proximate result of Defendant's vicarious infringement, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

## NINTH CAUSE OF ACTION

### (Inducement of Trademark Infringement)

120.   Zuffa incorporates by reference paragraphs 1 – 119 as if set forth herein.

121.   Defendant intentionally induced its members and users to reproduce, counterfeit, copy and/or colorably imitate Zuffa's marks and logos by, *inter alia*, instructing Justin.tv members and users "how to" download video content from sources other than their webcams and camcorders. Defendant also continued to supply its products and services to its members and users despite knowing, or having reason to know, that its members and users were reproducing, counterfeiting, copying and/or colorably imitating the Zuffa's Marks through their illegal streaming of Zuffa's live events.

122.   Defendant's induced infringement of the Zuffa Marks has created a likelihood of

26



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

confusion among consumers who may falsely believe that the unlawful streams of Zuffa's live events on Justin.tv are associated with Zuffa and/or the UFC® or that Zuffa and/or the UFC® sponsor or approve of Defendant's services and commercial activities.

123.   Zuffa is informed and believes, and thereupon alleges, that Defendant's induced infringement of the Zuffa Marks was intentionally and willfully done with the knowledge that Zuffa owns and has used, and continues to use, its trademarks.

124.   As a direct and proximate result of Defendant's induced infringement, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

## TENTH CAUSE OF ACTION

### (Deceptive Trade Practices – NRS 598.0903 et seq.)

125.   Zuffa incorporates by reference paragraphs 1 – 124 as if set forth herein.

126.   Through the conduct set forth herein Defendant has engaged in one or more deceptive trade practices as defined in NRS 598.0915.

127.   As a direct and proximate result of Defendant's induced infringement, Zuffa has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation and goodwill.

**WHEREFORE,** Zuffa prays for judgment in plaintiff's favor and against Defendant as follows:

1.     Adjudge and declare that defendants have infringed Plaintiff's copyrights in violation of 17 U.S.C. sec 101, et seq., and Plaintiff's trademark in violation of the Lanham Act, 15 U.S.C. sec 1051 et seq.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

2.    For Defendant's profits and for actual damages in such amount as may be found, pursuant to 17 U.S.C. § 101, et seq. or, alternatively, for maximum statutory damages in the amount of $150,000 with respect to each copyrighted broadcast infringed, or for such other amount as maybe proper, pursuant to 17 U.S.C. § 504.

3.    For a preliminary and a permanent injunction enjoining and restraining Defendant and its respective agents, servants, employees, officers, successors, licensees and/or assigns, and/or all persons acting in concert or participation with each and/or any of them, from the following acts:

    (i)    directly or indirectly infringing in any manner of Zuffa's exclusive rights under the Copyright Act and of Zuffa's trademarks, whether now in existence or hereafter created, without limitation; and

    (ii)    causing, contributing to, inducing enabling, facilitating and/or participating in the infringement of Zuffa's copyrights and trademarks, without limitation;

4.    For an accounting, the imposition of a constructive trust, restitution of Defendant's profits and damages according to proof; and

5.    For treble compensatory damages for willful infringement of Zuffa's trademarks; and

6.    For prejudgment interest according to law;

7.    As to all Counts, for Zuffa's reasonable attorneys' fees and full costs pursuant to 17 U.S.C. §§ 505, and other applicable law, including common law; and



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

8.     Award such other and further relief as the Court shall deem just and appropriate.

DATED this 21st day of January, 2011.

CAMPBELL & WILLIAMS

By   /s/ *Donald J. Campbell*
          DONALD J. CAMPBELL, ESQ. (#1216)
          J. COLBY WILLIAMS, ESQ. (#5549)
          700 South Seventh Street
          Las Vegas, Nevada  89101
          Telephone:  (702) 382-5222
          Facsimile:  (702) 382-0540

          BROWNSTEIN HYATT FARBER
          SCHRECK, LLP
          MAKAN DELRAHIM, ESQ.
          mdelrahim@bhfs.com
          2029 Century Park East, Suite 2100
          Los Angeles, California 90067-3007
          Telephone: (310) 500-4607
          Facsimile: (310) 500-4602

          *Attorneys for Plaintiff*
          *Zuffa, LLC*



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540